FILED
2021 Feb-01  PM 02:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **AAROLYN MORRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action Number |
| **v.** | ) | **5:19-cv-00707-AKK** |
| | ) | |
| **OLIVER CARLOTA, M.D., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

This action came before the court for oral argument on defendants HH Health System-Athens Limestone, LLC d/b/a Athens Limestone Hospital and Doris Stewart's motion for summary judgment, doc. 27, and Aarolyn Morris's motions for partial summary judgment as to liability, docs. 44; 47.  With the benefit of oral argument, the briefing, and the record, and for the reasons stated in open court and explained briefly below, the Hospital's motion is due be to granted solely as to Ms. Morris's negligent hiring and retention claim, and the balance of the motions are due to be denied.

### I.

This medical malpractice action arises from injuries Ms. Morris suffered after a surgical sponge and cloth tag were left in her abdomen following a surgery at Athens Limestone Hospital.  *See* doc. 12.  Ms. Morris asserts claims for negligence, wantonness, and *res ipsa loquitur* against the Hospital; Ms. Stewart,

the operating room circulator nurse; Dr. Oliver Carlota, the surgeon; and Carlotta Ob-Gyn, P.C., Dr. Carlota's employer.[1]  *Id.* at 4-10.  The Hospital and Ms. Stewart move for summary judgment on all claims against them, arguing that the claims fail because Ms. Morris did not present expert testimony to establish a breach of the standard of care.  Doc. 30 at 7.

## A.

Under the Alabama Medical Liability Act ("AMLA"), which applies to Ms. Morris's claims, "'the plaintiff ordinarily is required to present expert testimony as to the relevant standard of care.'"  *Ivy v. Carraway*, 32 So. 3d 1247, 1251 (Ala. 2009) (quoting *Martin v. Dyas,* 896 So.2d 436, 441 (Ala.2004)).  But, an exception to that general rule exists in cases where the breach "'is so apparent as to be understood by a layman, and requires only common knowledge and experience to understand it,'"  including cases "'where a foreign instrumentality is found in the plaintiff's body following surgery.'"  *Id.* (quoting *Sorrell v. King*, 946 So. 2d 854, 61-62 (Ala. 2006)).  In such cases, the Supreme Court of Alabama has explained that "[t]he presence of the retained object is prima facie evidence of negligence by the surgeon in carrying out that responsibility," and "it serves to shift the burden to the defendant surgeon to show that he or she was not negligent because he or she

---

[1] Ms. Morris also asserted a negligent hiring, training and supervision claim against the Hospital.  Doc. 12 at 8.  Because Ms. Morris abandoned that claim, *see* docs. 30 at 13; 32, the Hospital is entitled to summary judgment on this claim.

fully complied with the statutorily defined standard of care." *Breaux v. Thurston*, 888 So. 2d 1208, 1217 (Ala. 2003).

According to the Hospital and Ms. Stewart, the presumption of negligence in retained object cases applies only to the surgeon who performed the surgery, and not to the nurse responsible for counting objects and charting during the surgery. Doc. 30.  They further contend that under the Court's reasoning in *Breaux*, the presence of the retained sponge after surgery is prima facie evidence of negligence only by Dr. Carlota, "because it is the responsibility of the surgeon to remove all foreign objects due to be removed."  *Id.* at 7.  Therefore, they argue that Ms. Morris's claims against them fail because she did not present expert testimony that Ms. Stewart breached the relevant standard of care.

The defendants correctly point out that the discussion in *Breaux v. Thurston* refers only to the responsibility and negligence of the surgeon who placed and removed the sponges used during surgery.  But, the defendants overlook that the plaintiff in *Breaux* also brought claims against two surgical nurses who participated in the surgery, and that a jury also returned a verdict in favor of the plaintiff on the claims against the nurses.  888 So. 2d at 1210.   The trial judge granted the nurses' motion to alter, amend, or vacate the judgment against them, and ordered a new trial because of an error in charging the jury that was prejudicial to the nurses, and the Supreme Court of Alabama affirmed the grant of a new trial

against the nurses. *Breaux v. Bailey*, 789 So. 2d 204, 205 (Ala. 2000). The Court's opinion in *Breaux v. Thurston*, which the defendants rely on in this case, did not address the claims against the two nurses who participated in the surgery because those nurses settled the claims against them before the second trial. *See* 888 So. 2d at 1210. Thus, contrary to the defendants' contention, *Breaux* does not hold that the presumption of negligence only extends to surgeons. Moreover, since its decision in *Breaux v. Thurston*, the Court has repeatedly recognized that a plaintiff in a medical malpractice case does not need to present expert testimony to show the relevant standard of care when "'where want of skill or lack of care is so apparent as to be understood by a layman . . . .'" *Ivy*, 32 So. 3d at 1251 (quoting *Sorrell*, 946 So. 2d at 861-62). And, no where in any of these cases has the court limited this presumption solely to surgeons.

Here, Ms. Morris alleges that Ms. Stewart, who had responsibility for counting sponges and tags before, during, and after the surgery, purportedly breached the standard of care by failing to correctly count the number of sponges and tags Dr. Carlota placed in Ms. Morris's abdomen and removed during the surgery and by incorrectly reporting to Dr. Carlota that he had removed all of them before he closed the incision. *See* doc. 12. That alleged breach represents a lack of skill or care that would be apparent to a layman. And, more importantly, the Hospital and Ms. Stewart have not cited any cases explicitly holding that the

4

presumption of negligence in a retained object case applies <u>only</u> to the surgeon and not to nurses responsible for counting objects during a surgery.  Thus, the Hospital and Ms. Stewart have not established that Ms. Carlotta's claims against them fail as a matter of law based on a lack of expert testimony.

**B.**

Ms. Morris contends that she is entitled to summary judgment as to liability because the defendants did not rebut the presumption of negligence raised by the presence of the sponge and cloth tag found in her abdomen after surgery.  Docs. 44; 45; 47; 48.  The court disagrees.  Dr. Carlota's and Ms. Stewart's testimony that they met the relevant standards of care, *see* docs. 32-1 at 31-32; 32-2 at 68-69, creates material questions of fact regarding Ms. Morris's negligence and wantonness claims.  Those questions must be resolved by a jury.  Therefore, Ms. Morris's motions for partial summary judgment, docs. 44; 47, are due to be denied.

**II.**

To close, as the court stated previously in a message to the parties and at the hearing on the motions for summary judgment, Aarolyn Stewart's motions to strike certain expert disclosures, docs. 34 and 38, are **DENIED WITHOUT PREJUDICE**.  Ms. Stewart is free to raise objections to the defendants' expert disclosures in motions in limine or at trial.

Next, Athens Limestone Hospital's motion for summary judgment, doc. 27, is **GRANTED** as to Ms. Morris's negligent hiring and retention claim (Count V), which Ms. Morris has abandoned.  Accordingly, this claim is **DISMISSED WITH PREJUDICE**.

Finally, the balance of the Hospital's and Doris Stewart's motion for summary judgment, doc. 27, and Aarolyn Morris's motions for partial summary judgment, docs. 44; 47, are **DENIED**.  The negligence, wantonness, and *res ipsa loquitur* claims will proceed to a jury trial that will be set by separate order.

**DONE** the 1st day of February, 2021.

                                                       **ABDUL K. KALLON**
                                      UNITED STATES DISTRICT JUDGE